MARYLAND CASUALTY COMPANY, A CORPORATION, v. NELLO L. TEER.

(Filed 15 June, 1938.)

**Attorney and Client § 10—Under provisions of surety bond, surety was given right to employ an attorney of its own selection, and principal was liable for fees.**

While ordinarily a defendant has the right to employ counsel of his own choosing, when he contracts with the surety on a bond executed by them that the surety should be at liberty to employ an attorney of its own choosing and defend the suit, and that the principal should indemnify the surety for all expenses, including attorney's fees, the principal may not escape liability for fees of the attorney selected by the surety by giving notice to the surety before trial that he is ready and able to take care of the defense and would not reimburse the surety.

APPEAL by defendant from *Ervin, Jr., Special Judge,* at October Term, 1937, of DURHAM. Affirmed.

The plaintiff sued to recover the sum of $150.00 alleged to be due it from the defendant for its reasonable fees paid to attorneys in defending a case for tort brought against this defendant, as principal, and the plaintiff, as surety, on a bond heretofore executed by them.

That contract of insurance, among other things, provided: "Second: The undersigned will at all times indemnify and keep indemnified the company, and hold and save it harmless from and against any and all liability for damages, loss, costs, charges and expenses of whatever kind or nature (including counsel and attorney's fees, which the company shall or may, at any time, sustain or incur by reason or in consequence of having executed the bond herein applied for, or any and all other bonds executed for us at or at our instance and request), etc."

"Third: The undersigned does hereby further agree to indemnify the said Maryland Casualty Company against any suit or claim brought or instituted against said company, whether such suit or claim be rightfully or wrongfully brought or instituted, and in case suit shall be brought upon said bond, the surety shall be at liberty to employ an attorney of its own selection to appear and defend the suit in its behalf at the expense of the undersigned."

When service of summons was made upon the defendant Teer and the casualty company, Teer notified the casualty company not to employ counsel or to go to any expense in connection with the case, since he was in position to defend the suit and would not pay any expense incurred by the company as attorney's fees in connection with the case.

Notwithstanding the notice, this plaintiff did employ counsel, who actively participated in the case, filing a demurrer for the surety company, which was sustained. This defendant also employed counsel in the case.

There is no controversy as to the reasonableness of the fees paid by the plaintiff.

From the judgment in favor of the plaintiff, the defendant appealed.

*R. M. Gantt for plaintiff, appellee.*
*W. P. Farthing for defendant, appellant.*

PER CURIAM. The defendant argues that the notice which he gave the plaintiff to the effect that he was ready and able to take care of the defense of the case in which they were jointly sued, himself employing attorneys and paying fees, and would not reimburse plaintiff for attorney's fees paid by it, had the legal effect of relieving the defendant of any obligation on his contract in this respect.

The right of a person against whom a suit has been brought to employ counsel of his own choosing is rather fundamental in our practice. We are inclined to sustain it as being reasonable, unless it is found to be abrogated by contract. We find in the contract between the parties no provision to which the privilege claimed by the defendant can be referred, and we are not persuaded that it arises as a legal incident to the relation of principal and surety in the indemnity bond. Indeed, as we see it, some violence must be done the treaty between the parties to reach such a result, since in the contract it is expressly provided that in case of suit the plaintiff surety company may employ counsel of its own choosing.

We conclude, therefore, that the notice given by the defendant to the plaintiff did not have the legal effect of relieving him from the obligation to reimburse the plaintiff for attorney's fees paid in defense of the former suit, and the judgment is

Affirmed.